[Civ. No. 862.   First Appellate District.—February 15, 1911.]

EAST SHORE LUMBER COMPANY, a Corporation, Respondent, v. HEALY–TIBBITS CONSTRUCTION COMPANY, a Corporation, Appellant.

ACTION FOR LUMBER SOLD—USE ON FIVE BUILDINGS—SUFFICIENCY OF EVIDENCE.—In an action for lumber sold to be used on five different buildings, where the uncontradicted evidence of defendant's agent shows that the whole amount of lumber sued for was sold and delivered to the defendant, the fragmentary evidence of the defendant's secretary as to the amount of lumber required on one of the jobs was properly disallowed as not affecting the proof of the whole quantity of lumber sold and delivered to the defendant and of the value of the quantity delivered.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Alex. G. Eells, and H. K. Eells, for Appellant.

C. L. Colvin, for Respondent.

HALL, J.—Plaintiff brought suit to recover the sum of $1,626.89 for lumber sold and delivered to defendant by plaintiff, and recovered judgment for the full amount prayed for. Defendant appealed to this court from the judgment, and the only points urged for a reversal arise out of the rulings of the court in sustaining objections to two questions asked by appellant of each of two witnesses called by appellant.

The evidence shows without conflict that the defendant was engaged upon four building jobs in Oakland, and that one Reeder was its foreman and building superintendent, and, to quote from the appellant's brief, "had authority to order lumber for these various jobs." The plaintiff proved that the lumber sued for had all been bought from plaintiff by Mr. Reeder acting for the defendant; that the lumber had been delivered from time to time as ordered by Mr. Reeder, and receipts given therefor. The lumber was delivered at the various jobs as ordered by Reeder. Some of it also was delivered to the Pacific Lumber Company to be cut up in accordance with the orders of defendant, and two loads were delivered at a house in Berkeley, which belonged to Mr. Reeder, but which plaintiff did not know was not being constructed by appellant for Mr. Reeder. After the lumber had been delivered to Reeder's house, however, Reeder himself paid to plaintiff on account thereof $31.97, which was credited on appellant's bill, leaving the amount sued for as the balance unpaid.

Appellant, on its own behalf, placed Mr. Reeder on the witness-stand, and he also testified to the purchase and delivery of the lumber, and that plaintiff's account was in all respects correct. That the several jobs being done by defendant at the time were a concrete building at the foot of Fifth avenue for the Western Power Company, a pumping plant for the city of Oakland, a fire-engine house for the city of Oakland and a building for the Western Pacific Company. He further testified that he received all the lumber for the

defendant called for by the bills of plaintiff, and that it went into the various jobs, including, however, his own house, but that he had paid $31.97 to plaintiff on account of the lumber used in his residence, and had the same credited to defendant's account, and in addition had paid appellant on account of the material that went into his house $212, which he testified was largely in excess of the value of such materials.

Appellant then called one Horton, its secretary, who testified that he had examined the plans and specifications for the building appellant was erecting at the foot of Fifth avenue. He was then asked, "How much lumber would be required in said building as shown by the plans and specifications?" Objection was made to the question and sustained.

He then testified that the work being done by appellant on said building was the concrete work, and that the lumber bought was for the forms to hold the concrete, and that after completion he measured the building on the ground to ascertain the amount of lumber it would require to make the forms. He was then asked, "How much lumber would it require?" Objection was made and sustained.

Similar questions were asked of another witness by appellant, and objections made and sustained.

It is the rulings upon these questions that are now claimed to be erroneous.

We are unable to discover any error in the rulings. No matter what answer might have been given, such answers could not have tended to disprove the case made by plaintiff and the testimony of defendant's own witness Reeder. The questions were directed only to the lumber used in one building, and no other evidence was offered tending in any way to contradict the evidence given in support of plaintiff's case, and no effort was made to show what lumber went into the other jobs. Lumber had been furnished for five jobs, for besides the four jobs being done by appellant, lumber had been furnished for the Reeder house in Berkeley, for which appellant had accepted payment from Reeder, and had thus ratified his act in buying the same upon their account. The record before us does not show what amount of lumber was charged to the building at the foot of Fifth avenue, or indeed that any of the lumber was charged to any particular job. The evidence in the record simply shows that the total amount

sued for was sold and delivered as ordered by Reeder, and the fragmentary evidence offered would not have thrown any light upon the question at issue.

The judgment is affirmed.

Kerrigan, J., and Lennon, P. J., concurred.